UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA BIRD and CLARENCE BIRD,

Plaintiffs,

v.

GLOBUS MEDICAL, INC., and DOES 1-100,

Defendants.

No. 2:19-CV-01024-KJM-CKD

ORDER

Before the court is defendant's motion to compel further discovery responses, documents, and signed authorizations for medical and financial records and request for sanctions. ECF No. 24. Plaintiffs filed a statement of non-opposition as to all matters in defendants' motion except the request for sanctions. ECF No. 26. The parties timely filed a Joint Statement. ECF No. 27. The court heard oral argument via Zoom hearing on July 29, 2020. Having considered the relevant documents and arguments of the parties, the court finds as follows.

**I.   BACKGROUND**

   a.   Case Background

This is a products liability suit involving a medical device manufactured by defendant. Christina Bird had defendant's medical device implanted in her cervical spine. She alleges that the device has migrated out of position, causing her pain and discomfort. On March 21, 2019,

1

Mrs. Bird and her husband filed suit in the San Joaquin County Superior Court, alleging that defendant failed to provide proper warnings and instructions regarding the device's intended use. Defendant timely removed. ECF No. 1.

### b. The Current Discovery Dispute

On February 12, 2020, defendant served plaintiffs with (1) a request for the production of documents, (2) interrogatories to Christina Bird, and (2) interrogatories to Clarence Bird.

On March 16, 2020—the day plaintiffs' responses were due—plaintiffs requested a two-week deadline extension, which defendant granted.

On March 30, 2020—the day plaintiffs' responses were due under the extended deadline—plaintiffs' counsel notified defense counsel that he has been unable to contact his clients for "a few days" and would try to serve responses by April 1, 2020.

On April 1, 2020, plaintiffs served their discovery responses.

On April 6, 2020, defense counsel informed plaintiffs' counsel that Clarence Bird had answered the interrogatories directed to Christina Bird. Plaintiffs' counsel said that he would try to correct the error as quickly as possible.[1]

On April 20, 2020, defense counsel sent a meet and confer letter to plaintiffs' counsel, outlining the deficiencies in plaintiffs' discovery responses. The parties continued to meet and confer in May and June.

On June 29, 2020, defendant filed the instant motion to compel, asking the court to order plaintiffs to (1) supplement their discovery responses with complete information, (2) verify their interrogatories, (3) execute the HIPPA releases and authorizations that were served with defendant's written discovery requests. Defendant asks the court to require plaintiffs to comply with the order by August 15, 2020. Finally, defendant asks the court to award it monetary sanctions, in the amount of $2,450.00, for the expenses incurred in making the motion to compel.

On July 16, 2020, plaintiffs filed an opposition, agreeing that defendant is entitled to all matters sought in the motion to compel, except for the request for sanctions. ECF No. 26.

---

[1] Clarence Bird eventually served responses to the correct set of interrogatories on June 2, 2020.

2

## II. **DISCUSSION**

Defendant asks the court to order plaintiffs to supplement their discovery responses, verify their interrogatories, and execute the HIPPA releases and authorizations no later than August 15, 2020, or else face the possibility of serious sanctions, including terminating sanctions. Plaintiffs do not oppose this request. As such, the court will grant defendant's motion to compel discovery.[2]

In addition, defendant asks the court to award it $2,450 for the expenses incurred in making the motion to compel. Plaintiffs oppose the request for sanctions. ECF No. 27 at 2:27-28. Thus, the court must decide whether awarding defendant monetary sanctions is appropriate.

Federal Rule of Civil Procedure 37 provides that when a discovery motion is granted, the court generally "must" order the opposing party or counsel to pay "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). An opposing party may avoid such an award only if: "[1] the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court actions; [2] the opposing party's nondisclosure, response, or objection was substantially justified; or [3] other circumstances make an award of expenses unjust." Id. "The district court has great latitude in imposing sanctions under" Rule 37. Lew v. Kona Hosp., 754 F.2d 1420, 1425 (9th Cir. 1985).

Here, neither the first nor second exception to the general rule apply. The briefings and evidence establish that defendant made good faith attempts to obtain the requested discovery without court intervention. And plaintiffs concede that defendant is entitled to the discovery, foreclosing the possibility that their lack of response is substantially justified. The third exception, however—whether "other circumstances" make awarding defendant its expenses unjust—may weigh against a sanctions award.

In their briefing, plaintiffs argue that they have been unable to provide the supplemental responses and authorizations "due to extraordinary circumstances over the last three months." ECF No. 26-1. Specifically, "in March, during the onset of the [COVID-19] pandemic, Clarence

---

[2] At the July 29, 2020 hearing, plaintiffs' counsel requested that the proposed deadline of August 15, 2020 be extended by one week. The court will grant plaintiff's request.

3

Bird fell ill and required hospitalization." Id.  "Shortly after he was discharged from the hospital, the family [plaintiffs] were staying with were evicted from their home" in California.  Id.  Plaintiffs attempted to find a new residence in California, but they were unable to secure subsidized housing because they still owned a home in Amarillo, Texas.  Id.  Plaintiffs sold their Texas home, acquired a mobile home, and are now returning to California.  Id.  According to plaintiffs' counsel, plaintiffs have effectively been homeless during the past several months, without a permanent mailing address.

The court finds that plaintiffs' circumstances make an award of monetary sanctions under Rule 37 unjust.  Although the declaration from plaintiffs' counsel does not clearly connect plaintiffs' delayed discovery responses to COVID-19 or the current pandemic, the record shows that plaintiffs have been disrupted by an eviction, are in a financially precarious situation, and have been working since March to establish a new permanent home.  The court declines to award defendant its expenses under these circumstances.

Although monetary sanctions are not being imposed at this time, the court strongly cautions plaintiffs against further discovery delays.  While relocating to a new residence may be disruptive and inconvenient, plaintiffs are the ones choosing to maintain this lawsuit, and they have an obligation to participate in the discovery process in a timely and good faith manner.  If plaintiffs fail to do so, the court may find that more serious sanctions are appropriate, including the dismissal of plaintiffs' lawsuit.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that:

1. Defendant's motion to compel (ECF No. 24) is GRANTED in part, as follows:
   a. Plaintiffs are ordered to serve the supplemental discovery responses, verifications, and medical and financial authorizations, as set forth in defendant's motion to compel, no later than August 21, 2020; and

/////

/////

/////

1          b.      Defendant's request for an award of monetary sanctions is DENIED;
2 however, plaintiffs are cautioned that further discovery delays may result in
3 the imposition of more serious sanctions, including terminating sanctions.
4 Dated: July 29, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 17.1024.mtc