**Amy B. Alderfer (SBN 205482)**
COZEN O'CONNOR
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Telephone: 310.393.4000
Facsimile: 310.394.4700
aalderfer@cozen.com

Andrew M. Hutchison (SBN 289315)
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, California 94104
Telephone: 415.644.0914
Facsimile: 415.644.0978
ahutchison@cozen.com

Denise Bense (*Pro Hac Vice*)
COZEN O'CONNOR
1001 Conshohocken State Road, Suite 2-400
West Conshohocken, Pennsylvania 19428
Telephone: 610.832.8351
Facsimile: 877.836.0584
dbense@cozen.com

Attorneys for Defendant
Globus Medical, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA BIRD; and CLARENCE BIRD,<br><br>Plaintiffs,<br><br>vs.<br><br>GLOBUS MEDICAL, INC. and DOES 1-100,<br><br>Defendants. | Case No.: 2:19-cv-01024-KJM-CKD<br><br>**JOINT STIPULATION AND ORDER TO AMEND THE STATUS (PRETRIAL) SCHEDULING ORDER** |

    Plaintiffs Christina Bird and Clarence Bird (collectively "Plaintiffs"), and Defendant Globus Medical, Inc. ("Defendant") (collectively, the "Parties"), have met and conferred and hereby submit the following Stipulation and Proposed Order to Amend the Status (Pretrial) Scheduling Order. The Parties recognize the mandate of Rule 16(b) of the Federal Rules of Civil Procedure that the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good

cause. The Parties respectfully submit that good cause exists as set forth herein.

**RECITALS**

WHEREAS, on March 22, 2019, Plaintiffs filed a Complaint in the Superior Court of the State of California for the County of San Joaquin, Case No. STK-CV-UPL-2019-3785;

WHEREAS, on June 5, 2019, Defendant filed a Notice of Removal of Plaintiffs' lawsuit pursuant to 28 U.S.C. §§1332, 1441, and 1446 [ECF No. 1];

WHEREAS, on July 10, 2019, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and noticed it for hearing on August 9, 2019 [ECF Nos. 8, 9];

WHEREAS, on July 11, 2019, the Court entered an order vacating the Status (Pretrial Scheduling) Conference set for October 10, 2019, advancing it to August 9, 2019, and directing the parties to file a joint status report seven (7) days prior to the Status (Pretrial Scheduling) Conference [ECF No. 10];

WHEREAS, on July 25, 2019, the Parties submitted a Joint Stipulation and [Proposed] Order to continue the Status (Pretrial Scheduling) Conference and set a new briefing schedule and hearing date for Defendant's Motion to Dismiss due to conflicts in Plaintiffs' counsel's schedule for a trial in another lawsuit [ECF No. 11];

WHEREAS, on July 26, 2019, the Court granted the Parties' Stipulation and continued the Status (Pretrial Scheduling) Conference and hearing date for Defendant's Motion to Dismiss to September 6, 2019 [ECF No. 12];

WHEREAS, on August 30, 2019, the Parties submitted their Joint Status Report in advance of the Status (Pretrial Scheduling) Conference [ECF No. 13];

WHEREAS, on August 30, 2019, the Parties completed their briefing on Defendant's Motion to Dismiss [ECF No. 15];

WHEREAS, on September 20, 2019 a hearing was held on Defendant's Motion to Dismiss and it was taken under submission [ECF No. 18];

WHEREAS, on September 23, 2019, the Court issued a Scheduling Order [ECF No. 19] to which Defendant objected [ECF No. 20];

WHEREAS, on October 31, 2019, the Court issued an Amended Pretrial Scheduling Order which adopted Defendant's request to stagger the expert disclosures, such that Plaintiffs were required to disclose and submit their expert reports first, followed by Globus' disclosure and submission of expert reports [ECF No. 23];

WHEREAS, on February 12, 2020, Defendant served Plaintiffs with (1) a request for the production of documents, (2) interrogatories to Christina Bird, and (2) interrogatories to Clarence Bird.

WHEREAS, Plaintiffs requested, and Defendant granted, extensions of time for Plaintiffs to respond to written discovery; Plaintiffs' counsel represented that additional time was needed due to the COVID-19 global pandemic which had caused Plaintiffs to be in an unstable living situation and between homes;

WHEREAS, after deficiencies in Plaintiffs' discovery responses had not been corrected and several meet and confers were not successful, on June 29, 2020, Defendant filed a motion to compel, asking the Court to order Plaintiffs to (1) supplement their discovery responses with complete information, (2) verify their interrogatories, (3) execute the HIPPA releases and authorizations that were served with Defendant's written discovery requests; and (4) be sanctioned in the form of the fees incurred by Defendant in bringing the motion. [ECF No. 24]

WHEREAS, on July 30, 2020, Defendant's motion to compel was granted in part, ordering Plaintiffs to serve supplemental discovery responses, verifications, and medical and financial authorizations, as set forth in Defendant's motion to compel, no later than August 21, 2020; [ECF 29]

WHEREAS, to date, Defendant has served approximately forty (40) subpoenas on Plaintiff Christine Bird's heath care providers who provided care and treatment before and since her 2010 surgery as well as subpoenas on her former employers and subpoenas on Plaintiff Clarence Bird's former employers;

WHEREAS, on September 8, 2020 Defendant's Motion to Dismiss was granted in part and denied in part [ECF NO.35; 31];

WHEREAS, on September 1, 2020 Plaintiffs served their first amended complaint ("FAC") [ECF No. 33 ]

1      WHEREAS, on September 22, 2020 Defendant filed a Motion to Dismiss Plaintiff's FAC
2 [ECF No. 38];

3      WHEREAS, Defendant's Motion to Dismiss Plaintiff's FAC is currently pending;

4      WHEREAS, Defendant served supplemental written discovery on Plaintiffs on November 11,
5 2020 to which Plaintiffs responded;

6      WHEREAS, Defendant could not take Plaintiffs' depositions without complete medical
7 records some of which were not received until October and November 2020 and complete discovery
8 responses;

9      WHEREAS, pursuant to the parties' Stipulation and Order entered by Magistrate Judge
10 Delaney on July 30, 2020 ("Stipulated Amended Pre-Trial Scheduling Order"), fact discovery was
11 scheduled to close on February 3, 2021 [ECF No. 30];

12      WHEREAS, on December 14, 2020, counsel for Defendant emailed Plaintiffs' counsel asking
13 for deposition dates for Plaintiffs;

14      WHEREAS, on December 17, 2020, counsel for Defendant again emailed Plaintiffs' counsel
15 asking for deposition dates for Plaintiffs;

16      WHEREAS, on January 7, 2021, counsel for Defendant again emailed Plaintiff's counsel
17 asking for deposition dates for Plaintiffs;

18      WHEREAS, on January 7, 2021, Plaintiffs' counsel responded by email stating that Mrs. Bird
19 was recovering from Covid-19 and suggested the depositions be set for the last week of January 2021;

20      WHEREAS, on January 11, 2021, counsel for Defendant suggested January 28, 2021 and
21 continuing everyday thereafter, for the Plaintiffs' depositions to be held remotely;

22      WHEREAS, on January 20, 2021, deposition notices were served for Plaintiffs' depositions to
23 be held remotely, noticing them for January 28, 2021;

24      WHEREAS, on January 22, 2021, counsel for Plaintiffs indicated Mrs. Bird was "in serious
25 distress" caused by inflammation in her neck and left leg (the same type of complaints Mrs. Bird has
26 had for several years now) and was having difficulty breathing and talking and could not be deposed
27 the week of January 25, 2021;

28

  WHEREAS, on January 26, 2021, counsel for Plaintiffs informed defense counsel that Mr. Bird also could not be deposed as noticed because he was caring for Mrs. Bird;

  WHEREAS, on February 1, 2, 3, 13, and 16, 2021, counsel for Defendant again emailed counsel for Plaintiffs' counsel seeking deposition dates and provided a list of available dates;

  WHEREAS, pursuant to the Stipulated Amended Pre-Trial Scheduling Order [ECF No. 30], Plaintiffs' expert designations and reports were due February 12, 2021;

  WHEREAS, Plaintiffs did not disclose their experts or produce expert reports by February 12, 2021;

  WHEREAS, on February 16, 2021, after receiving no dates for Plaintiffs' depositions or expert disclosures, counsel for Defendant requested a telephonic meet and confer in advance of Defendant filing a motion for sanctions;

  WHEREAS, on February 17, 2021, counsel for the parties, Joshua Markowitz for Plaintiffs and Amy Alderfer and Denise Bense for Defendant, engaged in a telephonic meet and confer; and

  WHEREAS, during the February 17, 2021 telephonic meet and confer, Mr. Markowitz stated the following: (1) that he does not want to prepare Plaintiffs for their depositions nor attend their depositions via Zoom, (2) that he cannot meet with Plaintiffs in person as he is at a heightened risk to contract Covid-19; and (3) that he expects to be fully vaccinated against Covid-19 in the next six to eight weeks such that he will be able to meet with Plaintiffs in person to prepare and to defend their depositions in person.

## **STIPULATION**

Based upon the above recitals, the Parties, through their undersigned counsel, hereby stipulate that the Stipulated Amended Pretrial Scheduling Order [ECF No. 30] be amended as follows:

1. Plaintiffs' depositions shall occur on **April 14 and 15, 2021**. These dates will be noticed and firm. A notice of non-appearance will be taken if Plaintiffs do not appear and it is understood that Defendant will seek terminating sanctions from the Court, without further meet and confer, if Plaintiffs fail to appear for their noticed depositions. Plaintiffs will be produced on the dates noticed regardless of whether their counsel is able to prepare and defend them in person or by Zoom.

Mrs. Bird will be deposed first, followed by Mr. Bird. Defendant shall have the right to take the depositions by Zoom regardless of how Plaintiffs' counsel chooses to defend them.

2. Plaintiffs shall designate in writing and serve upon Defendant the name, address, and area of expertise of each expert that they propose to tender at trial and provide a written expert report with that designation that is prepared and signed by the witness not later than **April 28, 2021**; by **May 28, 2021**, Defendant shall designate in writing and serve upon Plaintiffs the name, address, and area of expertise of each expert that they propose to tender at trial and provide a written expert report with that designation that is prepared and signed by the witness. The expert reports shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **June 7, 2021**, Plaintiffs may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by Defendant, only if Plaintiffs have not previously retained an expert to testify on that subject. The rebuttal designation shall be accompanied by a written report, which shall also comply with the conditions stated above. If Plaintiffs fail to initially designate experts and serve expert reports by April 28, 2021, they shall be precluded from submitting rebuttal experts.

3. All expert discovery shall be completed by **July 16, 2021**;

4. The filing of any *Daubert* and dispositive motions shall be filed by **August 31, 2021;**

5. All dispositive motions shall be heard no later than **October 29, 2021**.

Dated: February 18, 2021      LAW OFFICES OF JOSEPH W. CARCIONE, JR., APC

By:   /s/ Joshua S. Markowitz
      Joseph W. Carcione, Jr.
      Joshua S. Markowitz
      Attorneys for Plaintiffs
      Christina Bird and Clarence Bird

Dated: February 18, 2021      COZEN O'CONNOR

By:   /s/ Amy B. Alderfer
      Amy B. Alderfer
      Andrew M. Hutchison
      Denise Bense (*Pro Hac Vice*)
      Attorneys for Defendant
      Globus Medical, Inc.

**ORDER**

For good cause shown, it is hereby Ordered that the July 31, 2020 Stipulated Amended Pretrial Scheduling Order [ECF No. 30] shall be amended as follows:

1. Plaintiffs' depositions shall occur on **April 14 and 15, 2021**. These dates will be noticed and firm. A notice of nonappearance will be taken if Plaintiffs do not appear and it is understood that Defendant will seek terminating sanctions from the Court, without further meet and confer, if Plaintiffs fail to appear for their noticed depositions. Plaintiffs will be produced on the dates noticed regardless of whether their counsel is able to prepare and defend them in person or by Zoom. Mrs. Bird will be deposed first, followed by Mr. Bird. Defendant shall have the right to take the depositions by Zoom regardless of how Plaintiffs' counsel chooses to defend them.

2. Plaintiffs shall designate in writing and serve upon Defendant the name, address, and area of expertise of each expert that they propose to tender at trial not later than **April 28, 2021**; by **May 28, 2021**, Defendant shall designate in writing and serve upon Plaintiffs the name, address, and area of expertise of each expert. The Plaintiffs and Defendant expert designations shall be accompanied by a written expert report prepared and signed by the witness. The expert report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **June 7, 2021**, Plaintiffs may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by Defendant, only if Plaintiffs have not previously retained an expert to testify on that subject. The rebuttal designation shall be accompanied by a written report, which shall also comply with the conditions states above. If Plaintiffs fail to initially designate experts and serve expert reports by April 28, 2021, they shall be precluded from submitting rebuttal experts.

3. All expert discovery shall be completed by **July 16, 2021**;

4. The filing of any *Daubert* and dispositive motions shall be filed by **August 31, 2021;**

5. All dispositive motions shall be heard no later than **October 29, 2021**.

**IT IS SO ORDERED.**

Dated: March 3, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

JOINT STIPULATION AND ORDER TO AMEND THE STATUS (PRETRIAL SCHEDULING) ORDER / CASE NO. 2:19-cv-01024-KJM-CKD